UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD D. BURPEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SERGEANT HUFF, UNKNOWN CORRECTIONAL OFFICER, and CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>　　　　Defendants. | Case No. 1:21-cv-00297-ADA-HBK (PC)<br><br>ORDER NOTING VOLUNTARY DISMISSAL UNDER FED. R. CIV. P. 41(a)(1)(A)(i) OF CERTAIN DEFENDANT AND CLAIMS<br><br>ORDER DIRECTING CLERK TO REVISE DOCKET TO REFLECT ONLY NAMED DEFENDANTS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EARLY DISCOVERY WITHOUT PREJUDICE<br><br>(Doc. No. 11) |

Plaintiff Todd D. Burpee, a prisoner, is proceeding pro se and *in forma pauperis* in this action filed under 42 U.S.C. § 1983. On July 28, 2023, this Court issued a screening order on Plaintiff's Complaint. As discussed at length in this Court's July 28, 2023 Screening Order, the Complaint states a cognizable Fourteenth Amendment equal protection claim against Defendants Huff and "Unknown Correctional Officer" but no other claim. (Doc. No. 10 at 4-7). Specifically, the Court found the Complaint did not state a cognizable claim First Amendment free exercise of religion claim against any of the Defendants and failed to state any claim against the California Department of Corrections and Rehabilitation. (*Id*.). The Screening Order afforded Plaintiff the

opportunity to (1) file an amended complaint; (2) file a notice under Rule 41 that he is willing to proceed only on the claims the court found cognizable in its screening order; or (3) stand on his Complaint subject to the undersigned issuing Findings and Recommendations to dismiss the defendants and claims not cognizable. (*Id*. at 7-8). On August 25, 2023, Plaintiff filed a pleading, dated August 23, 2023, signed to under penalty of perjury stating that he desires "to stand on his current Complaint as screened" "and proceed only on his Fourteenth Amendment of equal protection claim against Defendants Huff and the unknown correctional officer, and thereby volunta[r]ily dismissing Defendant CDCR and Plaintiff's First Amendment claim…." (Doc. No. 11 at 1-2).

Plaintiff may voluntarily dismiss any defendant or claim without a court order by filing a notice of dismissal before the opposing party answers the complaint or moves for summary judgment. Fed. R. Civ. P. 41 (a)(1)(A)(i). Here, no party has answered or moved for summary judgment. (*See* docket). Further, the Ninth Circuit recognizes a party has an absolute right prior to an answer or motion for summary judgment to dismiss fewer than all named defendants or claims without a court order. *Pedrina v. Chun*, 987 F.2d 608, 609-10 (9th Cir. 1993). In accordance with Plaintiff's notice, the California Department of Corrections and Rehabilitation and Plaintiff's First Amendment claim against Huff and the unknown correctional officer are without prejudice by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Plaintiff's Complaint will proceed on his Fourteenth Amendment equal protection claim against Defendants Huff and the "Unknown Correctional Officer." (*See* Doc. Nos. 1, 11). The Court will direct service of process on Defendants Huff and the "Unknown Correctional Officer" by separate order. To the extent the Plaintiff requests to engage in discovery to identify the name of the "Unknown Correctional Officer" and file an amended complaint to substitute the name for the "Unknown Correctional Officer," such a request is not yet ripe. Plaintiff may renew his request if service cannot be effectuated on the "Unknown Correctional Officer" through the Court's e-service process.

Accordingly, it is **ORDERED**:

1. The Clerk of Court shall correct the docket to reflect Plaintiff's notice of voluntary dismissal under Rule 41(a)(1) of Defendant California Department of Corrections and

Rehabilitation and shall add "Unknown Correctional Officer" as a Defendant to the docket.

2. Plaintiff's request to engage in early discovery to identify the name of the "Unknown Correctional Officer" is denied without prejudice as premature.

Dated:     August 29, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3