97

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD D. BURPEE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HUFF and UNKNOWN CORRECTIONAL OFFICER,<br><br>　　　　　Defendants. | Case No. 1:21-cv-00297-ADA-HBK (PC)<br><br>ORDER TO SHOW CAUSE WHY DEFENDANT UNKNOWN CORRECTIONAL OFFICER SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE<br><br>THIRTY (30) DAY DEADLINE |

     Plaintiff Todd D. Burpee ("Plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Huff and Unknown Correctional Officer for claims alleging violation of Plaintiff's Fourteenth Amendment Equal Protection rights.

     On February 17, 2023, the Court issued an order directing service on Defendants under the Court's E-Service pilot program for civil rights cases for the Eastern District of California. (Doc. No. 13). On September 13, 2023, the Court received information that Defendant Huff was successfully identified as a former employee of Valley State Prison, but Defendant Unknown Correctional Officer could not be identified. (Doc. Nos. 15, 16). On May 5, 2023, the United States Marshal returned the summons on Defendant Unknown Correctional Officer as unexecuted. (Doc. No. 17). The U.S. Marshal was unable to identify Defendant Unknown

Correctional Officer for service of process. (*Id.*). If Plaintiff is unable to provide the Marshal with the necessary information to identify and locate this defendant, Defendant Unknown Correctional Officer shall be dismissed from this action, without prejudice.

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472, 115 (1995). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421–22.

Here, the U.S. Marshal attempted to electronically serve Defendant Unknown Correctional Officer with the information that Plaintiff provided. However, the Marshal was informed that there was not enough information to identify Defendant Unknown Correctional Officer for service of process. If Plaintiff is unable to provide the Marshal with the necessary information to identify and locate this defendant, Defendant Unknown Correctional Officer shall be dismissed from this action, without prejudice.

Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause

why Defendant Unknown Correctional Officer should not be dismissed without prejudice from the action at this time.

ACCORDINGLY, it is ORDERED:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall show cause why Defendant Unknown Correctional Officer should not be dismissed from this action; and

2. **The failure to respond to this order or the failure to show cause will result in the dismissal of any unidentified defendant from this action without prejudice, due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).**

Dated:   November 14, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE