1
2
3
4
5
6               UNITED STATES DISTRICT COURT
7              EASTERN DISTRICT OF CALIFORNIA
8

9   TODD D. BURPEE                    Case No. 1:21-cv-00297-NODJ-HBK (PC)

10          Plaintiff,               FINDINGS AND RECOMMENDATIONS TO
                                     DISMISS DEFENDANT UNKNOWN
11      v.                           CORRECTIONAL OFFICER, WITHOUT
                                     PREJUDICE, FOR FAILURE TO SERVE
12   HUFF and UNKNOWN
     CORRECTIONAL OFFICER,           FOURTEEN (14) DAY DEADLINE
13
            Defendants.
14

15          This matter comes before the Court upon review of the docket.  Plaintiff Todd D. Burpee

16  ("Plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action

17  under 42 U.S.C. § 1983.  This action proceeds on Plaintiff's Complaint against Defendants Huff

18  and Unknown Correctional Officer for claims under the Fourteenth Amendment.  (*See* Doc. Nos.

19  10, 12).[1]

20      **I.      Procedural Background**

21          On August 29, 2023, the Court issued an order directing service on the two Defendants,

22  including Defendant Unknown Correctional Officer, under the Court's E-Service pilot program

23  for civil rights cases for the Eastern District of California.  (Doc No. 13).  The Order described

24  Unknown Correctional Officer as "the correctional officer working in the Receiving and Release

25  Department at Valley State Prison on May 25, 2020."  (*Id.* at 2).  On September 13, 2023, the

26  Court received information that Defendant Huff was successfully identified as an employee of

27  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

28  [1] By separate order the Court will set this case for a settlement conference as neither party has opted out of
     the November 21, 2023 Order.  (Doc. No. 21).

                              1

Valley State Prison, but Defendant Unknown Correctional Officer could not be identified. (Doc. Nos. 15, 16).  On October 11, 2023, the United States Marshal returned the summons on Defendant Unknown Correctional Officer as unexecuted.  (Doc. No. 17).  The U.S. Marshal was unable to identify Defendant Unknown Correctional Officer for service of process.  (*Id*.).

On November 14, 2023, the Court issued an order to show cause, directing Plaintiff to provide additional identifying information within 30 days so that Defendant Unknown Correctional Officer could be served.  (Doc. No. 20).  The Order explicitly warned Plaintiff that **"[t]he failure to respond to this order or the failure to show cause will result in the dismissal of any unidentified defendant from this action without prejudice, due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m)."**  (*Id*. at 3 ¶ 2) (emphasis in original).  To date, Plaintiff has not responded to the Order to Show Cause and the time to do so has expired.  (*See* docket).

## II.    Legal Standard

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3).  "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ."  *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'"  *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472, 115

(1995).  However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate.  *Walker*, 14 F.3d at 1421–22.

**III.    Discussion**

The Marshal attempted to serve Defendant Unknown Correctional Officer with the information that Plaintiff provided.  (*See* Doc. No. 16).  However, the information provided was insufficient to identify Defendant Unknown Correctional Officer for service of process.  (*Id.*).  Plaintiff was afforded a second opportunity to provide further information to locate Defendant Unknown Correctional Officer, but he failed to respond to the Court's Order.  Consequently, because Plaintiff has not provided sufficient information to identify and locate Defendant Unknown Correctional Officer for service of process the Defendant is subject to dismissal under Rule 4(m).

Accordingly, it is **RECOMMENDED**:

Defendant Unknown Correctional Officer be dismissed from this action, without prejudice, for failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).

<u>NOTICE TO PARTIES</u>

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections.  Local Rule 304(b).  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    February 13, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE